TROTT v. SCHMITT.

(Supreme Court, Appellate Division, Second Department.   May 3, 1907.)

1. SALES—FRAUD—DISAFFIRMANCE BY PURCHASER.

Where the purchaser knows of the fraud in the transaction a month after the purchase, he cannot disaffirm a year later on that ground and recover the price paid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 313–317.]

2. SAME—EVIDENCE.

Evidence in an action by the purchaser of stock to recover the price paid, on the ground of a disaffirmance for fraud of defendant in giving shares of his own, when plaintiff's testate supposed he was receiving the shares of another, held insufficient to support a finding of deception.

Appeal from Trial Term, Kings County.

Action by Verene Trott, executrix of William Trott, deceased, against Valentin Schmitt. From a judgment on a verdict for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Terry Smith, for appellant.

Edward W. Johnston, for respondent.

GAYNOR, J. The complaint is simply for $5,000 had and received by the defendant of the plaintiff. The plaintiff died before trial, and his executor, his widow, was substituted. The following facts are undisputed, for both sides proved them on the trial, viz.: On May 10, 1903, the decedent was at the defendant's place of business, and met the defendant and one Katz there. Both the defendant and Katz were stockholders in a brewery company. The defendant told Katz that the decedent wanted to buy some of the stock, and Katz and the decedent talked on the subject, with the result that it was orally agreed that next day the former was to deliver to the latter 50 shares at par, viz., for $5,000. Next day the decedent gave the defendant his check for $5,000 to the defendant's order, and the defendant delivered to him several certificates of shares of the said stock, aggregating 50 shares. They were made out and issued to the defendant, and he signed the blank endorsement on the back of them. The decedent never asked Katz for the shares of stock he had agreed to buy of him, and Katz never tendered them to the decedent. These naked facts stand alone for lack of the evidence of the decedent and the defendant in respect of the transaction.

The theory on which the plaintiff tried the case was that the defendant took the decedent's check to him for $5,000 to pay for Katz's stock, but instead the defendant delivered his own, and that therefore, as he never applied the payment to the purpose for which it was made, he received and still had it to the decedent's use; and on that theory the learned trial judge sent the case to the jury. There was some slight pretense that the money was loaned, but the learned trial judge properly refrained from submitting such a question to the jury. He charged that if the defendant substituted his own shares for those of Katz, the decedent supposing that he was getting Katz's, the latter had a right to disaffirm. The attorney for the decedent had tendered the shares back to the defendant in June, 1904, before this action was begun, and demanded the $5,000 back, according to his testimony; on no such basis of disaffirmance, however, but apparently on the theory that the money had been loaned on the security of the stock. The action was not maintainable except on a prompt disaffirmance on the ground of such deception, as soon as it was discovered, and should have been dismissed. Gould v. Cayuga Co. Nat. Bank, 86 N. Y. 75.

Moreover, there is no evidence to support the theory that the defendant covertly gave the decedent his own shares of stock, while the decedent supposed that he was buying and getting shares of stock belonging to Katz. On the contrary, the decedent gave his check not to Katz, but to the defendant, and received of the defendant certificates

of stock made out to him and endorsed by him in blank to the decedent. This all shows a purchase of the defendant. It would be not at all extraordinary for him to purchase of the defendant instead of Katz; he was not bound by his oral agreement with Katz.

There is much irrelevant evidence in the case concerning the payment of dividends on the stock, and whether the defendant voted on it after transferring it to the decedent, and the like, which has to be disregarded. It being admitted that the decedent purchased 50 shares of stock, supposing, however, that it was Katz's stock, all such evidence was plainly irrelevant; for the sole question on that assumption was whether on discovering it was not Katz's stock, he had the right to disaffirm, tender the shares back and demand the money he had paid. This is all said without passing on the question whether it made any legal difference to the decedent who owned the stock. Also, under the rule of prompt disaffirmance on the discovery of fraud, the decedent would have been too late with a disaffirmance in June, 1904, when the demand and tender were made by his attorney, as above mentioned; for it appears in evidence that a month after he received the stock he was told by Katz that it was not his stock. Gould v. Cayuga Co. Nat. Bank, supra.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.